IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-69,553-01






EX PARTE MICHAEL BELTRAN, Applicant




 



ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 27599-A IN THE 3RD DISTRICT COURT


FROM ANDERSON COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
assault on a public servant with a deadly weapon and sentenced to life imprisonment. The Twelfth
Court of Appeals affirmed his conviction. Beltran v. State, No. 12-06-00390-CR (Tex. App. - Tyler,
November 30, 2007). 

 Applicant contends that his appellate counsel rendered ineffective assistance because counsel,
who had been retained to file a petition for discretionary review, failed to timely file a petition for
discretionary review. Appellate counsel has filed this application on behalf of Applicant, requesting
an opportunity to file an out-of-time petition for discretionary review.

 The trial court has not entered findings of fact and conclusions of law. However, Applicant
has alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466 U.S. 608
(1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court
may rely on its personal recollection. Id.

 It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing,
it shall determine whether Applicant is still represented by counsel and, if not, whether he is
indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall
appoint an attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04.

 The trial court shall make findings of fact as to whether Applicant's appellate counsel had
been retained to file a petition for discretionary review and, if so, whether counsel failed to timely
file a petition for discretionary review. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: April 9, 2008

Do not publish